IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| CONNIE SANCHEZ, | ) | |
| | ) | Civil Action No. |
|    Plaintiff, | ) | |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| ST. JOSEPH'S/CANDLER HEALTH | ) | |
| SYSTEM, INC., | ) | |
| | ) | |
|    Defendant. | ) | |
| | ) | |
| _____ | | |

## COMPLAINT FOR DAMAGES

COMES NOW, Connie Sanchez ("Sanchez" or "Plaintiff"), and files this Complaint against Defendant St. Joseph's/Candler Health System, Inc. ("SJCHS" or "Defendant"), and shows the following:

### I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendant's failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA") during Plaintiff's employment with Defendant.

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia corporation and resides in this district.  In addition, a substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Plaintiff was employed by Defendant with the job title "team lead" from August 19, 2013 to March 12, 2015. When Defendant hired Plaintiff, she was

advised, in writing, that she would be paid on an hourly basis as a non-exempt employee entitled to overtime compensation.

7.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

8.

Throughout Plaintiff's employment, Plaintiff's primary duty was the performance of non-exempt work, specifically tasks such as registering patients and handling clerical work.

9.

Defendant is an "employer" as that term has been defined by the FLSA, 29 U.S.C. §203(d).

10.

During Plaintiff's employment, including within the last two years, Plaintiff regularly worked an amount of time that was more than 40 hours in given workweeks and was not paid the overtime wage differential for hours she worked over 40.

11.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

12.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation for hours she worked in excess of 40.

13.

Rather than pay Plaintiff overtime compensation, Defendant treated Plaintiff as an "exempt" employee and paid her what Defendant considered a salary, without overtime compensation for hours worked over 40 in workweeks.

14.

Defendant routinely took deductions from Plaintiff's pay for relatively small increments of work time missed during regular work shifts, despite the fact Plaintiff routinely worked in excess of 40 hours in the workweeks for which Defendant made such deductions from Plaintiff's pay.

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

During Plaintiff's employment, including within the last two years, Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

## Count I

## Violations of the Fair Labor Standards Act.

17.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

18.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

19.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

20.

Defendant's violations of the FLSA were willful and in bad faith.

21.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

22.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

### IV.    Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)    Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)    Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)     Grant declaratory judgment declaring that Plaintiff's rights have been

violated;

(D)     Permit Plaintiff to amend her Complaint to add state law claims if

necessary;

(E)     Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted, this 16th day of August, 2016.

**BARRETT & FARAHANY**

/s/ Amelia Ragan
Amelia Ragan
Georgia Bar No.  831387
Attorney for Connie Sanchez

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120 (phone)
(404) 214-0125 (facsimile)